UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER L. SCRUGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00288-JPH-DLP |
| | ) | |
| JAMES ALDEN Sergeant, | ) | |
| BLAKE MCDONALD Correctional Officer, | ) | |
| ERIC DRADA, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Motion for Leave to Proceed** *in forma pauperis*,
**Screening and Dismissing Complaint,**
**and Directing Plaintiff to Show Cause**

Indiana Department of Correction inmate Christopher L. Scruggs seeks leave to proceed *in forma pauperis* with his 42 U.S.C. § 1983 complaint against three employees of the Wabash Valley Correctional Facility. The Court makes the following rulings.

### **I.** *In Forma Pauperis*

Mr. Scruggs's motion for leave to proceed without prepaying fees or costs (*in forma pauperis*), dkt. [3], is **granted** because the Court finds that he does not have the assets or means to pay even an initial partial filing fee. Because the Prison Litigation Reform Act mandates that a prisoner will not be prohibited from bringing a civil action for the reason that he lacks the assets and means to pay an initial partial filing fee, 28 U.S.C. § 1915(b)(4), Mr. Scruggs is granted a waiver of payment of an initial partial filing fee. He is still obligated, however, to pay the full filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2). *See id.* § 1915(b)(1). "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-*

1

*Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996). A collection order may be issued to collect the fee from any funds Mr. Scruggs may receive in his prison trust account in the future.

## II. Screening Standard

Because Mr. Scruggs is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## III. Mr. Scruggs' Complaint

Mr. Scruggs brings this action against defendants Correctional Officer Alden, Correctional Officer Blake McDonald, and Sergeant Eric Drada for their alleged actions in using excessive force and pepper-spray on him in retaliation for his lodging previous complaints against them. Dkt. 2 at 3-4. These First and Eighth Amendment claims are alleged to have occurred on May 7, 2018. Mr. Scruggs signed his complaint and *in forma pauperis* motion on May 27, 2020. Dkts. 2 & 3. His consent to participate in the Court's prisoner e-service was signed May 29, 2020. Dkt. 1.

Prison officials e-mailed the filings to the clerk on June 3, 2020. *Id.* The clerk docketed these filings on June 4, 2020. A discussion of the relative merits of Mr. Scruggs' claims is not necessary

### IV. Analysis

There is no indication that any document used to commence this action was delivered to prison officials or placed in the prison legal mail system at any time before May 27, 2020, which was two years and twenty days after Mr. Scruggs' claims arose. As explained below, Mr. Scruggs was aware that the Indiana two-year statute of limitations barred his claim. *See Serino v. Hensley,* 735 F.3d 588, 590 (7th Cir. 2013) (noting that suits brought pursuant to § 1983 use the statute of limitations and tolling rules of the host state, and citing Ind. Code § 34-11-2-4); *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012) (same).

In an attempt to avoid Indiana's two-year statute of limitations as a bar to his claims against the three officers, Mr. Scruggs asserts in his "Note to Court" that the otherwise applicable statute of limitations was tolled:

> Note to Court.
> Grievance "tolling date" is July 30, 2018
> Date of last grievance response (copy attached)
> Two years up on July 30, 2020.

Dkt. 2 at 1.

But tolling does not apply here to make Mr. Scruggs' claims timely. Indiana's statutory tolling provisions do not toll a limitations period while administrative remedies are pursued and exhausted. See Ind. Code § 34–11–4–1; Ind. Code § 34-11-4-3; Ind. Code § 34–11–5–1; Ind. Code § 34–11–6–1. And Indiana courts have not created an exception to the limited statutory bases for tolling. *See Coghill v. Badger*, 418 N.E.2d 1201, 1207 (Ind. App. 1981) (refusing to toll the statute of limitations for anything other than incompetence or a showing of physical and mental incapacitation).

3

At one time, imprisonment constituted a legal disability under Indiana law. *Walker v. Memering*, 471 N.E.2d 1202, 1204 (Ind. App. 1984). However, that provision was repealed and the relevant Indiana statute now only includes "'under legal disabilities' persons less than eighteen (18) years of age, mentally incompetent, or out of the United States." Ind. Code § 1-1-4-5(24). None of these circumstances apply to Mr. Scruggs.

Accordingly, under Indiana law, the two-year statute of limitations was not tolled while Mr. Scruggs exhausted his administrative remedies, and this action was filed twenty days after the expiration of the limitations period.

Although untimeliness is an affirmative defense, a complaint can be dismissed by the Court *sua sponte* if "the existence of a valid affirmative defense is so plain from the fact of the complaint that the suit can be regarded as frivolous." *Muhammad–Ali v. Final Call, Inc*. 832 F.3d 755, 763 (7th Cir. 2016) (quoting *Walker v. Thompson*, 288 F.3d 1005, 1009–10 (7th Cir. 2002)); *see also Koch v. Gregory*, 536 F. App'x 659 (7th Cir. 2013) (stating that when the language of the complaint plainly shows that the statute of limitations bars the suit, dismissal under § 1915A is appropriate); *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012).

Mr. Scruggs has made the existence of a valid affirmative defense very plain from the face of his complaint. He pled that the incident arose on May 7, 2018. He attached a grievance form plainly reflecting an incident date of May 7, 2018. He wrote a note on the first page of his complaint that demonstrates he is aware of the timeliness issue. And his papers contain clear service or commencement dates that are at least twenty days after the limitations period expired.

The Seventh Circuit has held that "a litigant who learns, or had he been diligent would have learned, all the facts that he would need in order to be able to file his claim, while time remains in the limitations period, must file it before the period ends." *Yuan Gao v. Mukasey*, 519 F.3d 376,

378 (7th Cir. 2008) (internal citations omitted); see also *Brademas v. Ind. Hous. Fin. Auth.*, 354 F.3d 681, 687 (7th Cir. 2004) ("When 'the necessary information is gathered after the claim arose but before the statute of limitations has run, the presumption should be that the plaintiff could bring suit within the statutory period and should have done so.'").

As noted above, a lawsuit barred by an applicable statute of limitations fails to state a claim upon which relief can be granted, and dismissal is appropriate under 28 U.S.C. § 1915A. *Koch*, 536 F. App'x at 659. The complaint is therefore **dismissed** pursuant to § 1915A.

### V. Opportunity to Show Cause

Mr. Scruggs shall have through **July 9, 2020**, in which to show cause why the complaint should not have been dismissed and instead allowed to proceed. The failure to respond to this show cause opportunity or the failure to successfully show cause will result in the dismissal of this action and entry of final judgment without further notice or opportunity to show cause.

### VI. Three-Strike Notice

The Court has dismissed the complaint for failure to state a claim upon which relief can be granted. If final judgment is entered, this action will become the third such action filed by Mr. Scruggs that has been dismissed for being frivolous, malicious, or failure to state a claim upon which relief can be granted (known as "strikes"). *See* 28 U.S.C. 1915A. The other two actions are:

> *Scruggs v. McDaniel*, 2:19-00110-JMS-DLP (S.D. Ind. May 8, 2019), dkt. 10, dismissed for being frivolous and failure to state a claim upon which relief can be granted.
> *Scruggs v. Miller*, 3:16-cv-064 JD (N.D. Ind. Sept. 30, 2016), dkt. 43, dismissed for failure to state a claim.

The consequences of accruing three or more strikes is that Mr. Scruggs will no longer be eligible to proceed *in forma pauperis* and must pay the entire applicable filing fee unless the claims he presents address an "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Additionally, in any future action he files Mr. Scruggs must disclose the fact that he is subject to § 1915(g)'s *in forma pauperis* proscription. The failure to do so can subject the tendered action to dismissal with prejudice for attempting to mislead the court. *See Sloan v. Lesza,* 181 F.3d 857, 859 (7th Cir. 1999) ("An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that §1915(g) applies to a particular litigant will lead to immediate termination of the suit.").

**SO ORDERED**.

Date: 6/12/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Christopher L. Scruggs
957096
Wabash Valley Correctional Facility - Inmate Mail/Parcels
Electronic Service Participant – Court Only