UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER L. SCRUGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00288-JPH-DLP |
| | ) | |
| JAMES ALDEN Sergeant, | ) | |
| BLAKE MCDONALD Correctional Officer, | ) | |
| ERIC DRADA, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Dismissing Action
and Directing Entry of Final Judgment**

Indiana Department of Correction inmate Christopher L. Scruggs commenced this 42 U.S.C. § 1983 action on June 4, 2020, asserting claims against the defendant prison employees for conduct alleged to have occurred on May 7, 2018. Dkt. 2. On the face of his complaint, Mr. Scruggs noted that he was filing it less than two years after the competition date of his administrative remedies. *Id.* On screening the complaint pursuant to 28 U.S.C. § 1915A, however, the Court observed that this action had been commenced no earlier than May 27, 2020 (the date Mr. Scruggs signed his complaint), which is two years and twenty days after the claim arose. Applying the two-year Indiana statute of limitations, the Court dismissed the complaint for failure to state a claim upon which relief can be granted because the claim was barred by the limitations period. Dkt. 6. Mr. Scruggs was allowed an opportunity to show cause why final judgment should not be entered. Dkt. 6.

Mr. Scruggs responded on June 18, 2020. Dkt. 7. Mr. Scruggs contends his complaint should not be dismissed because (1) he has head injuries that cause memory loss and he just recalled the incident he is suing for when he was recently reviewing discovery responses in a

1

different lawsuit he is pursuing; (2) his head injury is a disability under Indiana law that tolls the running of the limitations period; and (3) the exhaustion of administrative remedies requirement (of the Prison Litigation Reform Act, 42 U.S.C. § 1997e (PLRA)) operates as a limitations tolling provision because an inmate's cause of action does not accrue until administrative remedies have been exhausted. None of Mr. Scruggs arguments have merit.

As to Mr. Scruggs' argument that he suffers from a head injury that causes memory loss, and accepting that contention as true for purposes of this analysis, it is nevertheless not a ground for tolling the limitations period. As noted in *Serino v. Hensley,* 735 F.3d 588, 590 (7th Cir. 2013), federal courts addressing a § 1983 action apply not only the host state's applicable limitations period, which in Indiana is two years, *see* Ind. Code § 34-11-2-4, but the host state's tolling provisions as well. *Accord*, *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012) (same); *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001) (same).

Indiana law on the tolling of the personal injury limitations period does not aid Mr. Scruggs. If a defendant is a non-resident of Indiana, the limitations period may be tolled. Ind. Code § 34-11-4-1. When the cause of action has been concealed from the plaintiff by the defendant, the limitations period may be tolled. Ind. Code § 34-11-5-1. And the applicable limitations period does not run against persons with legal disabilities. Ind. Code § 34-11-6-1. None of these statutes apply to Mr. Scruggs. Indiana law does not recognize a bad memory as a legal disability for tolling purposes. *See Hurt v. West Lafayette Community School Corp.,* 450 F. Supp. 2d 900 (N.D. Ind. 2006) (holding that special education student's learning disability was not a legal disability under Indiana law); *Whitlock v. Steel Dynamics, Inc.*, 35 N.E.3d 265 (Ind. Ct. App. 2015) (holding that plaintiff with head injury causing disorientation, incoherence, and inability to recognize relatives was not a legal disability under Indiana law).

Mr. Scruggs' final argument is that because the PLRA requires complete exhaustion of administrative remedies prior to the commencement of a lawsuit, his claim does not accrue until he has completed the administrative remedies process. This argument also is without merit.

While limitations periods and tolling provisions are matters of the host state's law, the accrual of a § 1983 claim is a matter of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). A claim of battery or excessive force under § 1983 "accrues immediately," at the moment the battery or excessive force occurs. *Evan v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010). The general rule is that a § 1983 claim "accrues when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir. 1994). It is incumbent on a person suffering a § 1983 violation to exhaust his administrative remedies and commence their lawsuit within the applicable limitations period. In some states the applicable statute of limitations is tolled while administrative remedies are exhausted. S*ee, e.g., Walker v. Sheahan*, 526 F.3d 973, 978 (7th Cir. 2008) (holding Illinois statute of limitations tolled while administrative remedies are exhausted). Indiana, on the other hand, takes exactly the opposite approach and expressly provides that limitations periods are not tolled while a plaintiff completes available administrative remedies. *See Coghill v. Badger*, 418 N.E.2d 1201, 1207 (Ind. App. 1981) (refusing to toll applicable statute of limitations for anything other than statutory factors which do not include exhaustion of administrative remedies). Mr. Scruggs' arguments otherwise are without merit.

In conclusion, Mr. Scruggs has not shown cause why his complaint should not have been dismissed because his claims is barred by the Indiana statute of limitations. Because the claim is barred, the complaint fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A. *See Jones v. Bock*, 549 U.S. 199, 215 (claims barred by a statute of limitations are claims that fail

to state a claim upon which relief can be granted). This action is **dismissed** on this basis. Final judgment consistent with this Order shall now enter.

Mr. Scruggs is reminded that he is now subject to the three-strike provisions of 28 U.S.C. § 1915(g). *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724 (2020) (holding that all dismissals for failure to state a claim are § 1915(g) strikes). Unless his claim concerns an actual imminent threat of serious physical injury, Mr. Scruggs may not now proceed in a civil action or appeal in federal court without full prepayment of the filing fee. *Id.* Mr. Scruggs must inform any federal court in which he attempts to commence a new lawsuit or appeal that he is subject to the § 1915(g) three-strike provision.

**SO ORDERED**.

Date: 7/27/2020

                                              James Patrick Hanlon
                                              United States District Judge
                                              Southern District of Indiana

Distribution:

Christopher L. Scruggs
957096
Wabash Valley Correctional Facility - Inmate Mail/Parcels
Electronic Service Participant – Court Only