UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHRISTOPHER L. SCRUGGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00288-JPH-DLP |
| | ) |
| JAMES ALDEN Sergeant, | ) |
| BLAKE MCDONALD Correctional Officer, | ) |
| ERIC DRADA, | ) |
| | ) |
| Defendants. | ) |

**Order Denying Motion for Reconsideration**

The Court dismissed plaintiff Christopher L. Scruggs' Eighth Amendment excessive force action on screening pursuant to 28 U.S.C. § 1915A because from the face of the complaint it was clear that his claims were time-barred by the Indiana statute of limitations. *See* dkt. 8 (citing Ind. Code § 34-11-2-4). Mr. Scruggs now seeks reconsideration, arguing that the Court committed a manifest error of law in holding that Indiana law does not recognize a bad memory as a factor to toll the limitations period. Dkt. 10 at 1.

Mr. Scruggs argues that in *Doe v. Howe Military Sch.*, 227 F.3d 981 (7th Cir. 2000), the Seventh Circuit held that Indiana law acknowledges that a bad memory is a qualifying disability for tolling purposes. *Howe* does not support Mr. Scruggs' argument. *Howe* discussed the Indiana Supreme Court's decision in *Doe v. Shults–Lewis Child and Family Services*, 718 N.E.2d 738 (Ind. 1999). *Shults-Lewis* held that an adult who retained *no* memory of childhood sexual abuse occurring at a group home, learning of it only after talking with other group home residents, could bring her otherwise time-barred suit under the "fraudulent concealment" tolling provision of Indiana law because group home employees had concealed the sexual abuse from her. *Id.* at 748.

1

In contrast, the co-plaintiff in *Shults-Lewis* remembered the childhood sexual abuse committed against her but argued that she brought her lawsuit within two years of connecting her psychological problems with the abuse. *Id.* at 747 n.3. The Indiana Supreme Court held the co-plaintiff's claims were time-barred because she had memories of the abuse, describing what happened to her, and she could have brought suit within two years of turning eighteen years old. *Id.* The Seventh Circuit applied *Shultz-Lewis* in *Howe* and barred the plaintiffs' claims because they had memories of the events and could have timely brought their lawsuit suit. 227 F.3d at 988-89.

Contrary to Mr. Scruggs' arguments, the Indiana Supreme Court did not hold in *Shults-Lewis* that forgetfulness tolls the Indiana statute of limitation. *Shults-Lewis*, 718 N.E.2d at 747-48. The case concerned a repressed memory that was never regained. *Id.* To hold that forgetfulness tolls the limitations period would eviscerate the limitations statute and the state's policy purposes in placing a time limit on the bringing of lawsuits.

Mr. Scruggs has not pled that he has no memory of the excessive force alleged in this action. Rather, he pled that he had forgotten about it *until* he read emails and remembered that he had not brought suit. *See* dkt. 7 at 1 (Response to Show Cause Order) ("I did not remember this case at all until I was going through my discovery . . . ."). Nothing in Indiana's tolling statute operates to toll the statute of limitations for Mr. Scruggs' claims.

The motion for reconsideration, dkt. [10], is **denied**.

**SO ORDERED**.

Date: 8/28/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Christopher L. Scruggs
957096
Wabash Valley Correctional Facility - Inmate Mail/Parcels
Electronic Service Participant – Court Only